UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVEN DECARLO TURNER, <br> No. 237292, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | No. 3:17-cv-00514 <br> CHIEF JUDGE CRENSHAW |
| R. BAINES, *et al.*, | ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Daven Decarlo Turner, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against R. Baines, J. Rychen, and D. Hall, alleging violations of the Plaintiff's civil rights.[1] (Doc. No. 1). As relief, the Plaintiff seeks the opportunity to earn sentence credits to which he alleges he is entitled and asks "that the Defendants in their official capacities cover and pay for all filing fees, court costs, and attorney's fees concerning this case." (Id. at 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

---

[1] Initially, this action was brought by co-Plaintiffs Daven Decarlo Turner and Brian Underwood. (Doc. No. 1). However, after filing their joint complaint, the Plaintiffs sought the separation of their cases. (Doc. No. 5). The Court granted their request and removed Underwood as a Plaintiff to this action. (Doc. No. 6 at 1-2).

1

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that the Plaintiff, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, is housed in protective custody. According to the complaint, protective custody inmates do not receive "2 day for 1" sentencing credits or "good behavior" credits because those credits are only available to inmates housed in general population. In addition, general population inmates are afforded many opportunities to participate in educational and rehabilitative programs and are permitted to hold jobs whereas protective custody inmates have access to fewer programs and cannot hold jobs. The Plaintiff believes that the current arrangement is cruel and unusual punishment in violation of the Constitution. (Doc. No. 1 at 3).

### IV. Analysis

Prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir. 1989); Kenner v. Martin, 648 F.2d 1080, 1081 (6th Cir. 1981)(*per curiam*); Carter v. Corrs. Corp. of Am., No. 98-6336, 1999 WL 427352, at *1 (6th Cir. June 15, 1999). Thus, as to the Plaintiff's allegations, the complaint fails to state an Eighth Amendment claim for cruel and unusual punishment upon which

relief can be granted, and that claim must be dismissed.

A prisoner does not have a constitutional right to a particular job, or to any job at all for that matter. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); *Bishop v. Wood*, 426 U.S. 341 (1976); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987). Rather, prison administrators may assign inmates jobs and wages at their discretion. Miller v. Campbell, 108 F. Supp.2d 960, 967 (W.D. Tenn. 2000).

In addition, Tennessee law and regulations do not create a right to earn sentence credits. See Tenn. Code Ann. § 41-21-236(a)(2)(2014). Thus, there is no right to due process in connection with segregation, transfer, or classification decisions that have such an uncertain effect on a particular inmate's release. See Frazier v. Hesson, 40 F. Supp.2d 957, 964, 966 (W.D. Tenn. 1999)(explaining that Heck and Balisok "reinforce the Court's conclusion that neither confinement to segregation, transfers, nor increased security classifications constitute custody because they do not directly lengthen the duration of confinement" and, further, "In Tennessee . . . the effect of sentence credits is only to affect a release eligibility date, which is nothing more than a unilateral expectancy. It is thus devoid of due process protections.").

Were the Plaintiff challenging the loss of accrued sentence credits, the Court's analysis would be different under Sandin v. Conner, 515 U.S. 472, 484-87 (1995). However, "'the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.' Wolff v. McDonnell, 481 U.S. 539, 557 (1974), despite the undoubted impact of such credits on the freedom of inmates." Hewitt v. Helms. 459 U.S. 460, 467-68 (1983). Thus, because the Plaintiff, as an inmate in protective custody, has been and is being deprived of the opportunity to earn sentence credits, not to sentence credits he already earned, his constitutional due process rights are

4

not being violated.

**V.      Conclusion**

For the reasons stated above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*.  28 U.S.C. § 1915(e)(2). Accordingly, this action will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE